# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

JENICE C. CLOUSE,

     Plaintiff,                                Case No. 8:23-cv-02720

v.

LOAN DEPOT, LLC,

     Defendant.

_____/

## COMPLAINT

Plaintiff JENICE C. CLOUSE ("Plaintiff"), by and through the undersigned, complains as to the conduct of LOAN DEPOT, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages under the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. § 227 *et seq*. and the Florida Telephone Solicitation Act ("FTSA") pursuant to Fla. Stat. § 501.059 *et seq.,* stemming from Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C. § 227 and 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

3.  Supplemental jurisdiction exists for Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business, and a substantial portion of the events or omissions giving rise to the claims occurred, within the Middle District of Florida.

## PARTIES

5.  Plaintiff is a consumer over-the-age of 18 and, at all times relevant, resided in Tampa, Florida, within the Middle District of Florida.

6.  Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

7.  Defendant is a mortgage lender that "employs 5,400+ lending professionals across the country," and operates 180+ local loan locations nationwide."[1]  With its principal place of business located at 26642 Towne Centre Drive, Foothill Ranch, California, Defendant regularly solicits consumers located in Illinois.

8.  Defendant is a "person" as defined by 47 U.S.C. § 153(39).

9.  Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

---

[1] https://www.loandepot.com/about

**FACTS SUPPORTING CAUSES OF ACTION**

10. In or around June 2023, Plaintiff began receiving calls from Defendant to her cellular phone, (813) XXX-6039, attempting to solicit Plaintiff to apply for a home loan through Defendant.

11. At all times relevant, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 6039.  Plaintiff is and has always been financially responsible for the cellular phone and its services.

12. Plaintiff's cellular phone number is on the national Do-Not-Call registry.

13. Defendant has used a variety of phone numbers when placing calls to Plaintiff's cellular phone, including but not limited to (813)-499-1458.

14. Upon information and belief, the above-referenced phone number ending in 1458 is regularly utilized by Defendant to make outgoing calls to consumers it is soliciting for business.

15. Defendant's phone calls have often resulted in Defendant leaving prerecorded messages on Plaintiff's cellular phone regarding Plaintiff's interest in proceeding with a home loan application.

16. Plaintiff was not aware as to what Defendant was or why it would be calling her, as she was not interested in its services, had not provided her information to Defendant, and certainly did not consent to receive phone calls from Defendant regarding its purported loan offerings.

17. Upon speaking with Plaintiff, Defendant was soliciting Plaintiff to complete a mortgage application, while asking for an "Elizabeth,"

18. Plaintiff has informed Defendant that she is not Elizabeth, yet Defendant continued to attempt to solicit Plaintiff to enroll in its mortgage lending services.

19. Plaintiff has further explicitly demanded that Defendant stop contacting her and that she is not interested in its services, yet Defendant continued placing phone calls and delivering prerecorded messages to Plaintiff attempting to solicit her to sign up for services she did not want.

20. Defendant has continued to regularly call Plaintiff's cellular phone using prerecorded messages up until the date of the filing of this action.

21. Frustrated over the persistent calls, Plaintiff spoke to the undersigned regarding her rights, exhausting time, money, and resources.

22.  Plaintiff has been unfairly harassed by Defendant's actions.

23.  Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies solicitation telephone calls, emotional distress, and numerous violations of her federally and state-protected interests to be free from repeated and unwanted solicitation efforts.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

24.Plaintiff restates and realleges paragraphs 1 through 23 as though fully set

forth herein.

25. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using prerecorded messages without their consent.

26.Further, pursuant to 47 C.F.R. § 64.1200(c)(2) (a regulation based on 47 U.S.C. § 227(c)), it is a violation of the TCPA to call "[a] residential telephone subscriber who has registered his or her telephone number of the national do-not-call registry of persons who do not with to receive telephone solicitations that is maintained by the Federal Government. This regulation also applies to wireless telephone subscribers who have registered their numbers on the national do-not-call registry." *Heidorn v. BDD Mktg. & Mgmt. Co., LLC,* 2013 U.S. Dist. LEXIS 177166, at *30-31 (N.D. Cal. 2013).

27. Defendant violated § 227b through its placement of phone calls to Plaintiff's cellular phone using prerecorded messages absent prior express consent. Defendant's utilization of prerecorded messages brings its conduct within the ambit of the TCPA. Defendant caused Plaintiff to experience prerecorded voice messages on calls Plaintiff answered, as well as leaving Plaintiff prerecorded voicemail messages on Plaintiff's cellular phone. Defendant violated the TCPA by placing numerous phone calls to Plaintiffs' cellular phone using prerecorded messages without Plaintiff's consent. Defendant never had consent to call Plaintiff's cellular phone number, as she never provided her number to Defendant in any capacity. Any

consent Defendant may have had for the calls was revoked by Plaintiff's clear demands that the phone calls cease and that Plaintiff was not interested in the services being offered.

28. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. § 227(b)(1)(A)(i). Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

29.Defendant further violated § 227(c) and 47 C.F.R. § 64.1200(c)(2) through its placement of solicitation phone calls to Plaintiff's cellular phone despite Plaintiff's number being on the national do not call registry. Plaintiff never consented to receiving solicitation calls form Defendant, and Defendant knew or should have known that Plaintiff's number was on the Do-Not-Call registry as the registry is publicly available and easily accessible. Rather than making this determination, Defendant instead bombarded Plaintiff with unwanted solicitation phone calls, in direct violation of the TCPA's efforts to protect to privacy rights of individuals. Upon information and belief, Defendant does not maintain adequate procedures or protocols to ensure that it does not place solicitation calls to phone numbers that are

6

registered on the national Do-Not-Call registry.

WHEREFORE, Plaintiff, JENICE C. CLOUSE, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B), § 227(b)(3)(C), and § 227(c)(5)(B);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.

## COUNT II-VIOLATIONS OF THE FLORIDA TELEPHONE SOLICITATION ACT

30. Plaintiff restates and realleges paragraphs 1 through 23 as though fully set forth herein.

31. The FTSA prohibits any person from placing a telephonic sales call that plays a recorded message when a connection is complete to a number called without the prior express written consent of the called party. Fla. Stat. § 501.059(8)(a).

32. Defendant violated § 501.059(8)(a) of the FTSA by placing sales calls to Plaintiff's cellular phone number that played a prerecorded message upon Plaintiff answering Defendant's call without Plaintiff's express written consent.

33. As set forth above, upon answering Defendant's sales calls, Plaintiff was at times greeted with a recorded message, and Plaintiff never provided Defendant with

her cellular phone number or otherwise consented to receive solicitation calls from Defendant.

34. As set forth above, Plaintiff suffered damages as a result of Defendant's unlawful telemarketing practices.

WHEREFORE, Plaintiff, JENICE C. CLOUSE, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages and statutory damages;

c. Awarding Plaintiff punitive damages;

d. Award Plaintiff reasonable attorney fees & costs;

e. Enjoining Defendant from further contacting Plaintiff and seeking payment of the subject consumer debt; and

f. Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.


Dated: November 29, 2023                         Respectfully submitted,

/s/ Alexander J. Taylor
Alexander J. Taylor, Esq.
Florida Bar No. 1013947
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 South Highland Avenue
Suite 200
Lombard, IL 60148
Phone :(630) 575-81881 Ext. 180

Fax: (630) 575-8188
ataylor@sulaimanlaw.com