**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JENICE C. CLOUSE,

Plaintiff,

v.

LOAN DEPOT, LLC,

Defendant.
______________________________________/

Case No. 8:23-cv-02720-CEH-SPF

**JURY TRIAL DEMANDED**

# FIRST AMENDED COMPLAINT

Plaintiff JENICE C. CLOUSE ("Plaintiff"), by and through the undersigned, complains as to the conduct of LOAN DEPOT, LLC ("Defendant"), as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action for damages under the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. § 227 *et seq*. and the Florida Telephone Solicitation Act ("FTSA") pursuant to Fla. Stat. § 501.059 *et seq.,* stemming from Defendant's unlawful conduct.

## JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C. § 227 and 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

3. Supplemental jurisdiction exists for Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business, and a substantial portion of the events or omissions giving rise to the claims occurred, within the Middle District of Florida.

## PARTIES

5. Plaintiff is a consumer over-the-age of 18 and, at all times relevant, resided in Tampa, Florida, within the Middle District of Florida.

6. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

7. Defendant is a mortgage lender that "employs 5,400+ lending professionals across the country," and operates 180+ local loan locations nationwide."[1] With its principal place of business located at 26642 Towne Centre Drive, Foothill Ranch, California, Defendant regularly solicits consumers located in Illinois.

8. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

[1] https://www.loandepot.com/about

## FACTS SUPPORTING CAUSES OF ACTION

10. Beginning in June 2023, Plaintiff received multiple unsolicited telephone calls from Defendant on her cellular phone, number (813) XXX-6039 attempting to solicit Plaintiff to apply for a home loan through Defendant.

11. These calls occurred on at least *ten* distinct occasions, specifically on June 13th, 14th, three calls on the 20th, 28th, and July 3rd, 7th, 10th, 14th, and 18th during various times of the day, evidencing a pattern of systematic solicitation.

12. At all times relevant, Plaintiff has been the sole subscriber, owner, and operator of the cellular phone associated with the number ending in -6039. Plaintiff has been financially responsible for all charges and services associated with this phone number.

13. Plaintiff's cellular phone number has also been registered on the national Do-Not-Call (DNC) registry well before these unsolicited calls began.

14. Defendant used multiple phone numbers to initiate calls to Plaintiff's cellular phone, among these was the number (813)-499-1458.

15. Upon information and belief, the above-referenced phone number ending in -1458, is frequently used by Defendant for the purpose of making outbound calls to potential customers as part of its business solicitation efforts.

16. The unsolicited calls from Defendant frequently resulted in prerecorded messages being left on Plaintiff's phone.

17. In each of the voicemails left on Plaintiff’s phone, there was a noticeable pause before the message begins and the messages were delivered in a voice that was clearly robotic and automated, attempting to solicit Plaintiff to apply for a home loan.

18. On some of the answered phone calls Plaintiff before being connected to a live person would hear that same robotic and computer-generated prerecorded message playing.

19. Plaintiff had no prior relationship, contractual or otherwise, with Defendant, had never expressed interest in Defendant’s services, nor had she provided her personal information to Defendant at any time.

20. During a call that a live agent placed and that Plaintiff answered, Defendant attempted to solicit her into completing a mortgage application, mistakenly addressing her as "Elizabeth.”

21. Despite Plaintiff clarifying to Defendant that she is not "Elizabeth," Defendant persisted in its efforts to solicit Plaintiff into signing up for its mortgage lending services.

22. Plaintiff further explicitly demanded that Defendant stop contacting her, but Despite Plaintiff's explicit request for Defendant to stop all communication and her clear disinterest in their services, Defendant continued to make phone calls and leave

automated and robotic sounding prerecorded messages, trying to convince Plaintiff to sign up to their services.

23. After Plaintiff's cease and desist request, Defendant continued to call her cellular phone using prerecorded messages.

24. Frustrated over the persistent calls, Plaintiff spoke to the undersigned regarding her rights, exhausting time, money, and resources.

25. Plaintiff has been unfairly harassed by Defendant's relentless actions, which have not only invaded her privacy but also disrupted her daily life with unwelcome and persistent solicitation calls.

26. The fact that Plaintiff's cellular phone number is registered on the national Do-Not-Call (DNC) registry indicates her desire to be shielded from such solicitations. Despite Plaintiff explicit demands to cease all communications, particularly after being expressly informed of her lack of interest, Defendant's blatant disregard for her requests exacerbates the distress experienced and highlights the deliberate nature of Defendant's conduct.

27. Plaintiff has suffered concrete harm as a result of Defendant's persistent an uninvited solicitation. This harm goes beyond mere inconvenience and constitutes a significant invasion of privacy. Defendant repeatedly and without authorization intruded into Plaintiff's personal life through her cellular phone on at least *ten* different occasions. These intrusions have led to substantial aggravation, disrupting

Plaintiff's daily peace and tranquility. The nature and persistence of these calls have inflicted considerable emotional distress upon Plaintiff, manifesting in heightened anxiety, stress, and disturbance of her mental well-being.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

28. Plaintiff restates and realleges paragraphs 1 through 27 as though fully set forth herein.

### a. Violation of 47 U.S.C. § 227(b)(1)(iii)

29. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using prerecorded messages without their consent.

30. Defendant violated § 227b through its placement of phone calls to Plaintiff's cellular phone using prerecorded messages absent prior express consent. Defendant's utilization of prerecorded messages brings its conduct within the ambit of the TCPA. Defendant caused Plaintiff to experience prerecorded voice messages on calls Plaintiff answered, as well as leaving Plaintiff prerecorded voicemail messages on Plaintiff's cellular phone. Defendant violated the TCPA by placing numerous phone calls to Plaintiffs' cellular phone using prerecorded messages without Plaintiff's consent. Defendant never had consent to call Plaintiff's cellular phone number, as she never provided her number to Defendant in any capacity. Any consent Defendant may have had for the calls was revoked by Plaintiff's clear demands that the phone calls cease and that Plaintiff was not interested in the

services being offered.

31. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. § 227(b)(1)(A)(i). Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, JENICE C. CLOUSE, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B) and § 227(b)(3)(C);

c. Enjoining Defendant from further contacting Plaintiff pursuant to 47 U.S.C. § 227(b)(3)(A); and

d. Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.

## COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

32. Plaintiff restates and realleges paragraphs 1 through 27 as though fully set forth herein.

### a. Violation of 47 U.S.C. § 227(c)

33. Pursuant to 47 C.F.R. § 64.1200(c)(2) (a regulation based on 47 U.S.C. §

227(c)), it is a violation of the TCPA to call "[a] residential telephone subscriber who has registered his or her telephone number of the national do-not-call registry of persons who do not with to receive telephone solicitations that is maintained by the Federal Government. This regulation also applies to wireless telephone subscribers who have registered their numbers on the national do-not-call registry." *Heidorn v. BDD Mktg. & Mgmt. Co., LLC,* 2013 U.S. Dist. LEXIS 177166, at *30-31 (N.D. Cal. 2013).

34. Defendant violated § 227(c) and 47 C.F.R. § 64.1200(c)(2) through its placement of solicitation phone calls to Plaintiff's cellular phone despite Plaintiff's number being on the national do not call registry. Plaintiff never consented to receiving solicitation calls form Defendant, and Defendant knew or should have known that Plaintiff's number was on the Do-Not-Call registry as the registry is publicly available and easily accessible. Rather than making this determination, Defendant instead bombarded Plaintiff with unwanted solicitation phone calls, in direct violation of the TCPA's efforts to protect to privacy rights of individuals. Upon information and belief, Defendant does not maintain adequate procedures or protocols to ensure that it does not place solicitation calls to phone numbers that are registered on the national Do-Not-Call registry.

35.Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise

entitled to under 47 U.S.C. § 227(c)(5).

WHEREFORE, Plaintiff, JENICE C. CLOUSE, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(c)(5)(B) and 227(c)(5)(C);

c. Enjoining Defendant from further contacting Plaintiff pursuant to 47 U.S.C. 227(c)(5)(A); and

d. Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.

## COUNT III-VIOLATIONS OF THE FLORIDA TELEPHONE SOLICITATION ACT

36. Plaintiff restates and realleges paragraphs 1 through 27 as though fully set forth herein.

37. The FTSA prohibits any person from placing a telephonic sales call that plays a recorded message when a connection is complete to a number called without the prior express written consent of the called party. Fla. Stat. § 501.059(8)(a).

38. Defendant violated § 501.059(8)(a) of the FTSA by placing sales calls to Plaintiff's cellular phone number that played a prerecorded message upon Plaintiff answering Defendant's call without Plaintiff's express written consent.

39. As set forth above, upon answering Defendant's sales calls, Plaintiff was at times greeted with a recorded message, even though Plaintiff never provided

Defendant with her cellular phone number or otherwise consented to receive solicitation calls from Defendant.

40. As set forth above, Plaintiff suffered damages as a result of Defendant's unlawful telemarketing practices.

WHEREFORE, Plaintiff, JENICE C. CLOUSE, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages and statutory damages pursuant to Fla. Stat. § 501.059(10)(a)(2);

c. Awarding Plaintiff treble damages pursuant to Fla. Stat. § 501.059(10)(b);

d. Award Plaintiff reasonable attorney fees & costs pursuant to Fla. Stat. §§ 501.059(11)(a) and (c);

e. Enjoining Defendant from further contacting Plaintiff pursuant to Fla. Stat. § 501.059(10)(a)(1); and

f. Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.

Dated: February 20, 2024

Respectfully submitted,

/s/ Alexander J. Taylor
Alexander J. Taylor, Esq.
Florida Bar No. 1013947
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 South Highland Avenue
Suite 200

Lombard, IL 60148
Phone :(630) 575-81881 Ext. 180
Fax: (630) 575-8188
ataylor@sulaimanlaw.com