UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JENICE C. CLOUSE,

    Plaintiff,

v.                                                            Case No: 8:23-cv-2720-CEH-SPF

LOAN DEPOT, LLC,

    Defendant.
_____

## ORDER

This Telephone Consumer Protection Act ("TCPA") matter comes before the Court on Defendant loanDepot.com, LLC's Motion to Dismiss for Failure to State a Claim (Doc. 14) and Motion to Strike Attorney's Fees Request (Doc. 15). Plaintiff responds in opposition (Docs. 21, 22) and Defendant replies (Docs. 27, 28). Upon careful consideration, the Court will deny both motions.

## FACTUAL BACKGROUND[1]

In this three-count lawsuit, Plaintiff seeks damages under the TCPA and the Florida Telephone Solicitation Act ("FTSA") based on at least ten unwanted telephone calls she received from Defendant over the course of two months in 2023. Doc. 12 ¶¶ 1–16. Defendant is a mortgage lending company with employees across

---

[1] When ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court derives the statement of facts from the factual allegations of the pleadings, which the Court must accept as true in ruling on the motion. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court also construes the allegations in the light most favorable to the plaintiff. *See, e.g.*, *Hunt v. Aimco Properties, L.P.*, 814 F.3d 1213, 1221 (11th Cir. 2016).

the country and over 180 locations nationwide. *Id.* ¶ 7. According to Plaintiff, she received unsolicited calls on her cellphone, through which Defendant attempted to solicit her to apply for a home loan. *Id.* ¶ 10. Plaintiff states that she was at all times the sole subscriber, owner, and operator of the phone number in question, which was registered on the national Do-Not-Call registry well before the calls began. *Id.* ¶¶ 12–13.

The unwanted calls frequently resulted in pre-recorded messages being left on Plaintiff's phone. *Id.* ¶ 16. Plaintiff alleges that she had no prior relationship with Defendant, contractual or otherwise, and never expressed interest in its services. *Id.* ¶ 19. Furthermore, after she was connected to a live agent, Plaintiff informed Defendant that she was not the intended recipient of the phone calls. *Id.* ¶¶ 20–23. Nevertheless, Defendant continued soliciting her for a loan through calls and pre-recorded messages. *Id.* Plaintiff alleges that these persistent calls and messages invaded her privacy and disrupted her daily life. *Id.* ¶ 25.

Plaintiff now brings three separate counts against Defendant—two under the TCPA and one under the FTSA. *Id.* at 6–10. The first alleges that Defendant violated 47 U.S.C. § 227(b)(1)(iii), a section of the TCPA that prohibits calling persons on their cellular phone using pre-recorded messages without their consent. *Id.* at 6–7. The second Count alleges a violation of 47 U.S.C. § 227(c) (enacted through 47 C.F.R. § 64.1200(c)(2), a federal regulation). *Id.* at 7–9. The regulation prohibits solicitation calls to wireless telephone subscribers whose numbers are registered on

the national Do-Not-Call registry. *Id.* at 8. Finally, in Count Three, Plaintiff alleges that Defendant violated the FTSA, Fla. Stat. § 501.059(8)(a), by placing a telephonic sales call that played a recorded message without her prior express written consent. *Id.* at 9–10.

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009), quoting Fed. R. Civ. P. 8(a)(2). Labels, conclusions, and formulaic recitations of the elements of a cause of action are not sufficient. *Id.*, citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Mere naked assertions are also insufficient. *Id.* A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face." *Id.*, quoting *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). However, the Court is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. *Id.*

Under Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). However, striking matters from a pleading is a "drastic remedy" that is "disfavored." *Thompson v. Kindred Nursing Centers E., LLC,* 211 F. Supp. 2d 1345,

1348 (M.D. Fla. 2002). Indeed, motions to strike "are often considered time wasters" and "will usually be denied." *U.S. ex rel. Chabot v. MLU Svcs., Inc.,* 544 F.Supp.2d 1326, 1330 (M.D. Fla. 2008) (quotation omitted); *Thompson,* 211 F.Supp.2d at 1348.

## DISCUSSION

### Motion to Strike Attorney's Fees Request (Doc. 15)

The Court begins with Defendant's motion to strike Plaintiff's request for attorney's fees. Defendant argues that Plaintiff's request for attorney's fees should be stricken pursuant to Federal Rule of Civil Procedure 12(f) because the relevant attorney's fees provision of the FTSA clearly does not apply to the allegations here. Doc. 15 at 1. Defendant argues that relief in the form of striking such a request is appropriate where a plaintiff fails to plead a contractual or statutory basis for attorney's fees, or no such basis exists. *Id.* at 3 (citing *Gilbert v. State Farm Mut. Auto. Ins. Co.*, 95 F.Supp.3d 1358, 1365 (M.D. Fla. 2015)).

Defendant does not dispute that the FTSA allows for an award of attorney's fees to the prevailing party in litigation resulting from a violation of this section involving a "transaction." *Id.* at 3 (citing Fla. Stat. § 501.059(11)(a)). Here, Defendant argues that no such transaction is alleged, no other stated basis for an award of attorney's fees exists, and the request should therefore be stricken. *Id.*

Plaintiff disagrees. *See* Doc. 22. She responds that Defendant's motion is premature and overlooks the procedural context in which requests for attorney's fees are evaluated. *Id.* Because the Court has not considered the merits of Plaintiff's case

4

and no fee petition has been submitted, she asserts that it would be inappropriate to adjudicate entitlement to fees at this point. *Id.* at 1. She argues that Defendant seeks to prematurely decide the issue of attorney's fees, although the Court would have discretion to include such an award as part of any final judgment. *Id.* at 2. Based upon these arguments, and because striking a portion of a pleading is a drastic and disfavored remedy, Plaintiff requests that the Court deny the motion. *Id.* at 2–4. On reply, Defendant argues that Plaintiff effectively concedes no relevant "transaction" under the FTSA was alleged here. Doc. 28 at 1. It argues that the motion is not premature, and that the Court can and should strike the request for attorney's fees. *Id.* at 1–5.

Defendant's motion is due to be denied. Plaintiff is correct that attorney's fees issues are typically decided following a judgment on the merits of a case, as contemplated by the Middle District of Florida's Local Rules.[2] Moreover, the decisions Defendant relies on are distinguishable, and Defendant fails to establish

---

[2] For example, Middle District of Florida Local Rule 7.01 – "Attorney's Fee and Expenses" states in part that:

> (b) MOTION ON ENTITLEMENT. Within fourteen days after entry of judgment, the party claiming fees and expenses must request a determination of entitlement in a motion that:
>
> > (1) specifies the judgment and the statute, rule, or other ground entitling the movant to the award,
> >
> > (2) states the amount sought or provides a fair estimate of the amount sought, and
> >
> > (3) includes a memorandum of law.

5

that striking the request for attorney's fees is appropriate under Rule 12(f), or Rule 12(b)(6) (which Defendant briefly alludes to in its reply).

      First, Defendant's authority is readily distinguishable. For example, in *Gilbert*, the trial court in fact denied a motion to strike a request for attorney's fees, finding that the defendant had not met its burden of showing that the plaintiff "fail[ed] to plead a contractual or statutory basis or [that] none exists." 95 F.Supp.3d at 1365. Here, Plaintiff accurately cites to a section of the FTSA that could serve as a basis for fees, so based on the reasoning in *Gilbert*, Defendant's Motion should be denied.[3] Although the Court granted a motion to strike in *Italiano v. Jones Chemicals, Inc.*, another case Defendant relies on, the complaint there provided no basis at all for an award of attorney's fees, statutory or otherwise. 908 F. Supp. 904, 907 (M.D. Fla. 1995). Therefore, the Court struck the request for fees from the complaint, with leave to amend.[4] *Id.* at 908.

---

[3] *Bobo's Drugs, Inc. v. Total Pharmacy Supply, Inc.,* 2018 WL 2688786, (M.D. Fla. Feb. 9, 2018) is distinguishable for the same reason as *Gilbert*—the court struck a request for attorney's fees under Rule 12(f) there because the complaint cited no basis at all (such as a contract or statute) supporting such a request. *Id.* at *2.

[4] Defendant's citation to *Bales v. Bright Solar Mktg. LLC,* No. 5:21-CV-495-MMH-PRL, 2023 WL 5726434 (M.D. Fla. Aug. 15, 2023), *report and recommendation adopted*, 2023 WL 5720701 (Sept. 5, 2023) is also inapposite. Unlike the motion here, which comes before the Court on a motion to strike, the *Bales* Court denied a motion for entitlement to attorney's fees under the FTSA after summary judgment had been entered in favor of the defendant. 2023 WL 5726434 at *2. Specifically, the Court there determined that based on the record, an award of attorney's fees was not proper because the litigation had not resulted from a "transaction" under the FTSA. *Id.*

6

Here, the Complaint specifically asks for "reasonable attorney fees & costs pursuant to Fla. Stat. §§ 501.059(11)(a) and (c)" (Doc. 12 at 10). Thus, the Court cannot say that Plaintiff has failed to specify a basis for fees.

To the extent Defendant argues that Plaintiff has not alleged a "transaction" in her complaint that would bring this case under the ambit of the FTSA's fee-shifting provision, this determination would be more appropriately made on a developed factual record or following the entry of judgment. *Maletta v. Woodle,* No. 2:20-CV-1004-JES-MRM, 2021 WL 1894023, at *7 (M.D. Fla. May 11, 2021); *see also Caballero v. AAA Diversified Servs., Inc.,* 2010 WL 3222108, *1 (M.D. Fla. July 27, 2010) ("Because Defendants' ability to prove a set of facts demonstrating their entitlement to attorney's fees cannot be determined at this time, it would be premature to strike their request for attorney's fees."). Finally, Defendant fails to show that the request for fees is otherwise "redundant, immaterial, impertinent, or scandalous" under Federal Rule of Civil Procedure 12(f). Therefore, the Motion to Strike Attorney's Fees Request (Doc. 15) is **DENIED**.

### Motion to Dismiss (Doc. 14)

Defendant also moves to dismiss Count Two for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Doc. 14. It argues that Count Two must be dismissed because Plaintiff does not allege that she *personally* added her number to the Registry. *Id.* at 2. In support of this argument, Defendant cites a single out-of-circuit decision that dismissed a claim based on the same reasoning. *Id.* (citing

*Rombough v. Robert D. Smith Ins. Agency, Inc.,* No. 22-CV-15-CJW-MAR, 2022 WL 2713278, at *5 (N.D. Iowa June 9, 2022)).

*Rombough*, an out-of-circuit district court decision, read the relevant regulation narrowly and dismissed a TCPA claim on the grounds that the plaintiff had not alleged that she personally registered her number on the Do-Not-Call Registry. 2022 WL 2713278, at *3–5. Although Defendant concedes that other trial courts have since rejected this argument, it contends that *Rombough* was correctly decided based on the regulatory language and similar Federal Communications Commission ("FCC") rules. *Id.* at 5–9.

In response, Plaintiff argues that *Rombough* is an outlier decision. Furthermore, she argues that Defendant's argument ignores the broader purpose of the TCPA, does not apply the standard for Rule 12(b)(6) motions, and has been thoroughly considered and rejected by a number of other trial courts. *See* Doc. 21. In any case, Plaintiff argues that whether she personally registered her number is a question of fact that cannot be decided at the pleading stage. *Id.* at 6–7. On reply, Defendant asserts that Plaintiff's arguments are unpersuasive and again asks the Court to follow *Rombough* and dismiss Count Two. *See* Doc. 27 at 1–6.

The Court will deny Defendant's Motion. Plaintiff is correct that *Rombough* is an outlier and does not bind this Court. Instead, the Court agrees with the majority of courts that have rejected Defendant's argument based on the Rule 12(b)(6) standard, the relevant regulatory text, or both.

As relevant to this Motion, the TCPA states that "[n]o person or entity shall initiate any telephone solicitation to: [. . .] (2) [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." 47 C.F.R. § 64.1200(C)(2); *see* 47 U.S.C. § 227(c)(5).

Having considered the authority cited by the Parties, several decisions issued after the briefing of these Motions, and the text of the regulation, the Court finds persuasive those decisions that have rejected *Rombough* and instead found the complete language of the implementing regulation to be decisive. *See Abrahamian v. loanDepot.com LLC,* No. CV-23-00728-PHX-SMB, 2024 WL 1092442, at *2 (D. Ariz. Mar. 13, 2024); 47 C.F.R. § 64.1200(c)(2).

Although the regulation indeed bars certain types of calls to a "residential telephone subscriber who has registered his or her number" on the Registry, it goes on to require that Do-Not-Call registrations "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." 47 C.F.R. § 64.1200(c)(2). The Court reads this language to mean that as phone numbers change hands, the Do-Not-Call Registry may not always reflect which consumers requested to be included. Therefore, it appears the term "indefinitely" was used to remove the ambiguity of which numbers should be protected. Other district courts have come to the same conclusion, and although also non-binding, the Court finds their analyses to be persuasive. *See, e.g.,*

9

*Callier v. Am.-Amicable Life Ins. Co. of Texas,* EP-22-CV-00018-FM, 2022 WL 17732717, at *5 (W.D. Tex. Oct. 18, 2022).[5]

Defendant argues that its narrower reading of the regulation is consistent with how the FCC considers the issue of whether a subscriber's consent to receive calls remains valid after a number changes hands. Doc. 14 at 6 (citing *Breslow v. Wells Fargo Bank, N.A.,* 755 F.3d 1265, 1267 (11th Cir. 2014). It asserts that the Eleventh Circuit found in *Breslow* that "[c]onsent provided by a former phone number user is *not* valid to afford consent to call a new user of that same number," and that its proposed interpretation of 47 C.F.R. § 64.1200(C)(2) is in accord with *Breslow*. However, *Breslow* and other decisions Defendant cited addressed the definition of a "called party" under the § 227(B)(1)(A)(iii) of the TCPA, an issue altogether different from the one now before the Court. Defendant fails to cite any authority adopting this argument in the context of § 64.1200(c)(2) and does not provide a basis for the Court to extend these decisions to the regulation at issue here. Therefore, this argument will be rejected.

---

[5] Similarly, in *Watson v. Manhattan Luxury Automobiles, Inc.,* No. 20 Civ. 4572, 2022 WL 4586407, at *9 (S.D.N.Y. Sept. 29, 2022), the court rejected the argument that class members had to register their own telephone numbers on the national Do-Not-Call registry, noting regulatory language indicating that such registrations are to be honored indefinitely.

And in *Showers v. Pelican Investment Holdings Group, LLC,* No. 23-cv-2864, 2024 WL 4350309, at *7 (S.D. Ill. Sept. 30, 2024) the court persuasively rejected Defendant's theory and *Rombough*. Specifically, it held the following in denying a defendant's motion to dismiss: "Defendants are inserting an adverb into regulatory text that is not actually there. The regulation merely requires that a subscriber have registered his or her phone number on the do-not-call registry. There is no requirement that an individual have *personally* registered the phone number." *Id.* (emphasis added).

Lastly, at this stage, the Court must draw reasonable inferences and consider the allegations in the light most favorable to Plaintiff. Regardless of any textual analysis, it remains a reasonable inference under these facts that Plaintiff registered her phone number with the DNC Registry. *See* Doc. 12; *see also Callier,* 2022 WL 17732717, at *6. Accordingly, Defendant's arguments are unavailing. Defendant's Motion to Dismiss for Failure to State a Claim (Doc. 14) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on January 6, 2025.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties