**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JENICE C. CLOUSE,

Plaintiff,

v.

Loan Depot, LLC,

Defendant.

______________________________/

Case No. 8:23-cv-02720

**DEFENDANT LOANDEPOT.COM, LLC'S ANSWER TO PLAINTIFF JENICE C. CLOUSE'S FIRST AMENDED COMPLAINT**

Defendant loanDepot.com, LLC ("loanDepot"), by and through its undersigned counsel, files its Answer and Affirmative Defenses to the First Amended Complaint ("FAC") filed by Plaintiff Jenice C. Clouse ("Plaintiff").

loanDepot denies each and every allegation in the FAC unless expressly admitted or otherwise qualified, as follows:

## NATURE OF THE ACTION

1. loanDepot admits Plaintiff brings this action for damages under the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. § 227 and the Florida Telephone Solicitation Act ("FTSA") pursuant to Fla. Stat. § 501.059, but denies that Plaintiff is entitled to any relief and denies that Plaintiff was damaged in any manner. loanDepot denies any further factual allegations of Paragraph 1.

## JURISDICTION AND VENUE

2. Paragraph 2 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, loanDepot states that 47

U.S.C. § 227, 28 U.S.C. § 1331 and 1337 are federal statutes that speak for themselves, and otherwise denies the allegations in Paragraph 2.

3. Paragraph 3 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, loanDepot states that 28 U.S.C. § 1367 is a federal statute that speaks for itself, and otherwise denies the allegations in Paragraph 3.

4. Paragraph 4 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, loanDepot states that 28 U.S.C. § 1391 is a federal statute that speaks for itself, and otherwise denies the allegations in Paragraph 4.

**PARTIES**

5. loanDepot is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 5 regarding Plaintiff's domicile and therefore denies the same.

6. Paragraph 6 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, loanDepot states that 47 U.S.C. § 153(39) is a federal statute that speaks for itself, and otherwise denies the allegations in Paragraph 6.

7. loanDepot denies the allegations of Paragraph 7. loanDepot denies that its principal place of business is located at 26642 Towne Centre Drive, Foothill Ranch, California. loanDepot's principal place of business is located at 6561 Irvine Center Drive, Irvine, California. To the extent the allegations in paragraph 7 merely

purport to describe statements made about loanDepot on loanDepot's website, loanDepot states that the statements on its website are the best source of their full content and context and, to the extent such allegations do not accurately represent their full content and context, loanDepot denies the allegations in paragraph 7.

8. Paragraph 8 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, loanDepot admit that it is a Limited Liability Company and otherwise denied the allegations in Paragraph 8.

9. Paragraph 9 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, loanDepot denies the allegations of Paragraph 9.

## FACTS SUPPORTING CAUSES OF ACTION

10. loanDepot denies the allegations of Paragraph 10.

11. Paragraph 11 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, loanDepot denies the allegations of Paragraph 11.

12. loanDepot is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 12, and therefore, denies the same.

13. loanDepot is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 13, and therefore, denies the same.

14. loanDepot denies the allegations of Paragraph 14.

15. loanDepot denies the allegations of Paragraph 15.

16. loanDepot denies the allegations of Paragraph 16.

17. loanDepot denies the allegations of Paragraph 17.

18. loanDepot is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 18, and therefore, denies the same.

19. loanDepot denies the allegations of Paragraph 19.

20. loanDepot denies the allegations of Paragraph 20.

21. Paragraph 21 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, loanDepot denies the allegations of Paragraph 21.

22. loanDepot denies the allegations of Paragraph 22.

23. loanDepot denies the allegations of Paragraph 23.

24. loanDepot is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 24, and therefore, denies the same.

25. Paragraph 25 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, loanDepot denies the allegations of Paragraph 25.

26. Paragraph 26 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, loanDepot denies the allegations of Paragraph 26.

27. Paragraph 27 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, loanDepot denies the allegations of Paragraph 27.

**COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

28. loanDepot incorporates herein by reference its responses and denials to Paragraphs 1 through 27 as if fully restated herein.

**a. Violation of 47 U.S.C. § 227(b)(1)(iii)**

29. Paragraph 29 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, loanDepot states that 47 U.S.C. § 227(b)(1)(iii) is a federal statute that speaks for itself, and otherwise denies the allegations in Paragraph 29. loanDepot further denies that it violated the TCPA and that Plaintiff is entitled to any relief from loanDepot.

30. Paragraph 30 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, loanDepot denies the allegations of Paragraph 30. loanDepot further denies that it violated the TCPA and that Plaintiff is entitled to any relief from loanDepot.

31. Paragraph 31 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, loanDepot states that 47 U.S.C. § 227, *et seq.* is a federal statute that speaks for itself, and otherwise denies the allegations in Paragraph 31. loanDepot further denies that it violated the TCPA and that Plaintiff is entitled to any relief from loanDepot.

## COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

32. loanDepot incorporates herein by reference its responses and denials to Paragraphs 1 through 31 as if fully restated herein.

**b. Violation of 47 U.S.C. § 227(c)**

33. Paragraph 33 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, loanDepot states that 47 C.F.R. § 64.1200(c)(2) and 47 U.S.C. § 227(c) are federal statutes that speak for themselves, and otherwise denies the allegations in Paragraph 33. loanDepot further denies that it violated the TCPA and that Plaintiff is entitled to any relief from loanDepot.

34. Paragraph 34 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, loanDepot states that 47 C.F.R. § 64.1200(c)(2) and 47 U.S.C. § 227(c) are federal statutes that speak for themselves, and otherwise denies the allegations in Paragraph 34. loanDepot further denies that it violated the TCPA and that Plaintiff is entitled to any relief from loanDepot.

35. Paragraph 35 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, loanDepot denies the allegations of Paragraph 35 and denies that Plaintiff is entitled to any relief.

## COUNT III – VIOLATIONS OF THE FLORIDA TELEPHONE SOLICITATION ACT

36. loanDepot incorporates herein by reference its responses and denials to Paragraphs 1 through 35 as if fully restated herein.

37. Paragraph 37 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, loanDepot states that Fla. Stat. § 501.059(8)(a) is a federal statute that speaks for itself, and otherwise denies the allegations in Paragraph 37. loanDepot further denies that it violated the FTSA and that Plaintiff is entitled to any relief from loanDepot.

38. Paragraph 38 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, loanDepot states that Fla. Stat. § 501.059(8)(a) is a federal statute that speaks for itself, and otherwise denies the allegations in Paragraph 38. loanDepot further denies that it violated the FTSA and that Plaintiff is entitled to any relief from loanDepot.

39. Paragraph 39 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, loanDepot denies the allegations of Paragraph 39.

40. Paragraph 40 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, loanDepot denies the allegations of Paragraph 40 and denies that Plaintiff is entitled to any relief.

## LOANDEPOT'S AFFIRMATIVE AND OTHER DEFENSES

Each of the defenses set forth herein is stated as a separate and distinct defense, in the alternative to, and without waving, any of the other defenses which are herein, or which may hereafter be pleaded. loanDepot reserves the right to raise such additional affirmative and other defenses as may be established during discovery and by the evidence in this case. loanDepot asserts the following specific defenses:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's FAC fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The allegations of the FAC, and the purported cause of action alleged in the FAC, are not pleaded with sufficient particularity, are uncertain, vague, ambiguous and unintelligible, and fail to meet the applicable pleading requirements.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff lack Article III standing to bring this action because she did not suffer an injury-in-fact as a result of loanDepot's alleged conduct.

### FOURTH AFFIRMATIVE DEFENSE

loanDepot's compliance with the statutes, rules, and regulations which govern the subject matter of this lawsuit precludes its liability to Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail or are otherwise barred, in whole or in part, because the calls—to the extent they occurred—were made with the prior express consent

of Plaintiff.

**SIXTH AFFIRMATIVE DEFENSE**

loanDepot reserves the right to assert arbitration.

**SEVENTH AFFIRMATIVE DEFENSE**

loanDepot acted in good faith in any and all interactions with Plaintiff and did not directly or indirectly perform any acts whatsoever which would constitute a violation of any rights of Plaintiff or any duty, if any, owed to Plaintiff.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims against loanDepot are barred, in whole or in part, because the alleged injuries were caused by acts or omissions of Plaintiff and/or third parties and/or by events outside the control of any of the parties and/or a superseding intervening cause and not by loanDepot.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred to the extent she is not the "called party" within the meaning of the TCPA.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred under the doctrines of laches and/or unclean hands.

**ELEVENTH AFFIRMATIVE DEFENSE**

By reason of Plaintiff's inaction with respect to and/or ratification of the calls she alleges were made by loanDepot, Plaintiff is estopped from recovery herein and Plaintiff's claims against loanDepot are barred by the doctrines of waiver and/or

estoppel (including res judicata, collateral estoppel, and judicial estoppel).

**TWELVTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff's requested relief is too speculative and/or remote and/or impossible to prove and/or allocate.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part as a result of her failure to mitigate alleged damages, if any, and any recovery should be reduced in proportion to Plaintiff's said failure to mitigate damages.

**FOURTEENTH AFFIRMATIVE DEFENSE**

To the extent there was any violation of the TCPA, which loanDepot denies, loanDepot shall only be liable for no more than a $500.00 penalty as loanDepot denies that it willfully or knowingly violated the TCPA pursuant to 47 U.S.C. §227(b)(3)(C).

**FIFTEENTH AFFIRMATIVE DEFENSE**

To the extent there was any violation of the FTSA, which loanDepot denies, loanDepot shall only be liable for no more than a $1,000.00 penalty as loanDepot denies that it willfully or knowingly violated the FTSA.

**SIXTEENTH AFFIRMATIVE DEFENSE**

To the extent there was any violation of the TCPA, which loanDepot denies, loanDepot shall only be liable for no more than a $500.00 penalty as Plaintiff has not sustained any actual damages pursuant to 47 U.S.C. §227(b)(3)(B).

## SEVENTEENTH AFFIRMATIVE DEFENSE

Application of the TCPA, as interpreted by the FCC, violates the First Amendment of the U.S. Constitution because such application relies upon content-based restrictions of protected speech. *See Reed v. Town of Gilbert*, 135 S. Ct. 2218, 2227 (2015) ("Government regulation of speech is content-based if a law applies to particular speech because of the topic discussed or the idea or message expressed.").

## EIGHTEENTH AFFIRMATIVE DEFENSE

The TCPA is unconstitutionally vague because the restrictions imposed by the TCPA do not give a person of ordinary intelligence adequate notice of the conduct that is prohibited. *See Grayned v. City of Rockford,* 408 U.S. 104, 108 (1972).

## NINETEENTH AFFIRMATIVE DEFENSE

loanDepot alleges that Plaintiff is not entitled to any award of punitive damages to the extent that such an award is barred by the Constitution of the United States and the Constitution of Florida. loanDepot further alleges that any award of punitive damages would violate the prohibitions against excessive fines found in the Eighth Amendment of the Constitution of the United States as applied to the states by way of the due process clause of the Fourteenth Amendment to the Constitution of the United States. Further, any award of punitive damages would violate the guarantee of due process found in the Fourteenth Amendment of the Constitution of the United States because of the lack of objective guidelines on

which such an award may be based and further such guidelines, to the extent that they exist, are arbitrary and void for vagueness.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiff lacks constitutional and prudential standing to assert any claims against loanDepot and her FAC, therefore, must be dismissed.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred to the extent that prior express consent, invitation, or permission was given for the calls at issue and/or for loanDepot to take any acts alleged in the FAC, including but not limited to Plaintiff having voluntarily provided her telephone number to loanDepot and/or any third party.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to recover because any violations, if such exist, were not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted avoid such error.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because loanDepot has maintained a list of persons who request not to receive telemarketing calls and instituted procedures for maintaining such a list.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

To the extent there was any violation of the TCPA, which loanDepot denies, loanDepot is not liable for any such violation because loanDepot established and implemented, with due care, reasonable practices and procedures to effectively

prevent violations of the TCPA.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

loanDepot's acts are protected from liability, if any, for violating the TCPA because loanDepot's violations, if any, were unintentional and resulted despite the maintenance of procedures reasonably adapted to avoid any such violations.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

loanDepot did not use a device with the capacity to dial numbers randomly or sequentially using a "number generator" and, hence, did not use an automatic telephone dialing system in violation of the TCPA or the FTSA.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

The conduct alleged in the FAC was not authorized or initiated by loanDepot.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

loanDepot's lawful interest in contacting its customers—for informational purposes, or other account servicing activity is necessary, and loanDepot reasonably believes such calls are necessary to protect loanDepot's pecuniary interest in accounts and its customers' interests. Further the conduct at issue is malum prohibitum and not malum in se. Moreover, the harm inflicted to Plaintiff in receiving misplaced calls is not unreasonable as compared with the harm threatened to loanDepot's interest if it is barred from or penalized for placing such calls. Hence, loanDepot's conduct is privileged and not actionable.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

The alleged text message or telephone call may not have been made from a

telephone company regulated by the State of Florida, thus Plaintiff's claim under FTSA may not be actionable.

**THIRTIETH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff's claims relate to conduct beyond the applicable statute of limitations, such claims are barred.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

loanDepot reserves the right to amend and/or supplement its affirmative and/or special defenses, as additional defenses may become known through discovery.

**PRAYER FOR RELIEF**

WHEREFORE, loanDepot prays for relief and judgment, as follows:

A. Dismissing the First Amended Complaint with prejudice;

B. Entering judgment against Plaintiff and in favor of loanDepot with respect to all Counts in the First Amended Complaint;

C. Awarding loanDepot its reasonable costs and expenses incurred in this action; and

D. Awarding such other and further relief as the Court may deem just and proper.

Dated: January 20, 2025

By: */s/ Jenniffer Cabrera*

Jenniffer Cabrera (FBN 1034545)
jenniffer@troutmanfirm.com
Troutman Amin, LLP
1825 NW Corporate Blvd, Ste. 100
Boca Raton, Florida 33431

Telephone: 561-834-0883

*Counsel for Defendant*
*loanDepot.com, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 20, 2025, I electronically sent the foregoing to counsel of record for the Plaintiff.

/s/ *Jenniffer Cabrera*
Jenniffer Cabrera